# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
FREDERICK SAMUEL HUMES, JR.
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 07-30583-02

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense
  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☑ (1) There is a serious risk that the defendant will not appear.
☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

This is a presumption case. Defendant is charged, along with several others, with multiple bank robberies (March 16, 2006 - November 14, 2007) and possession of firearms and ammunition. During one of the alleged eight bank robberies (November 14, 2007 in Sterling Heights) a bank teller was shot in the leg. The shooter, Andre Jones, is an alleged associate of Defendant. In fact Andre Jones was with Defendant Humes when Humes was arrested for Felony Stolen Property (Humes pled guilty to assaulting a police officer on or about July 6, 2007). On November 15, 2007 Humes was sentenced to three years probation.
CONTINUE ON PAGE TWO

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

December 17, 2007
*Date*

s/ Mona K. Majzoub
*Signature of Judge*

MONA K. MAJZOUB UNITED STATES MAGISTRATE JUDGE
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Humes was therefore on probation and awaiting sentencing in Wayne County Circuit Court when the alleged offenses occurred. Defendant has two outstanding warrants, both issued in 2007, one for Contempt of Court and the other for Failure to Appear.

Defendant is 29 years old, unemployed, and for the past 18 months claims to have been supported by "friends". His last employment was as a bouncer at a Detroit club in the summer of 2006. Before that he worked at Value City Furniture for four years.

At the detention hearing, testimony was given by the case agent that Humes resides at 1150 Burlingame in Detroit, the registered home address of co-defendant Jawan Martin. FBI Agent Todd Reineck testified that there has been surveillance of five of the eight bank robberies, with video tape coverage. Agent Reineck also testified that one of the defendants, Sparkles Eldridge, wife of Andre Jones, gave a detailed statement identifying Defendant Humes as co-defendant Terez Rivers' cousin, hence his nickname "Big Cuz". Sparkles Eldridge has stated that Defendant Humes was one of four men who operated together in a scheme to rob multiple banks. Sparkles Eldridge admitted that her role in the bank robbing scheme was to assist the bank robbers as a driver, driving them away from the bank robberies. Sparkles stated that she personally picked up Humes after one robbery on Gratiot at a parking lot of a store which she believes was a Marshalls store.

Following the search of defendant's Burlingame residence, jackets were retrieved that matched the jackets in the video surveillance tapes of the March 16, 2007 robbery. Humes was present in the house and was arrested. Also found at defendant's residence were shell casings. At the residence agents discovered a green Chevy Tahoe with gold trim and a roof rack that matched a vehicle that was captured during the Toledo, Ohio robbery in the parking lot of the bank. The Tahoe found at 1150 Burlingame is registered to Frederick Samuel Humes, Jr. Sparkle Eldridge stated that Humes was usually the driver in the bank robberies.

Defendant is viewed as a risk of flight and a danger to the community. Defendant Humes faces a mandatory minimum of 185 years on the 924 © charges alone, excluding any time ordered for conviction on the alleged bank robberies. In this complaint, it is alleged that defendants, including defendant Humes, participated in a long series of bank robberies, one of which resulted in the shooting of a bank teller, and one of which resulted in the shooting of a police officer. Humes is tied to at least two of these bank robberies by the statement of his associate and possibly by other physical evidence. Danger is a substantial factor in this court's determination that no conditions of bond will assure either the safety of the community or the appearance in court of this defendant. **Detention is therefore Ordered.**